UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA CLARK,

    Plaintiff,

v.

IAC MENDON, LLC, a corporation,
INTERNATIONAL AUTOMOTIVE
COMPONENTS GROUP NORTH
AMERICA, INC., a corporation,
JENNIFER FEINMAN, an individual, and
JEFF FREIBURGER, an individual

    Defendants.
_____/

Case No. 1:13-CV-1168

HON. GORDON J. QUIST

## **OPINION GRANTING MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Dana Clark, sued his former employer, IAC Mendon, and its corporate parent, International Automotive Components Group North America (IAC Group), alleging that he was unlawfully terminated from his employment in violation of 42 U.S.C. § 1981 and Michigan's Elliott-Larsen Civil Rights Act. IAC Mendon and IAC Group (the IAC Defendants) moved for summary judgment. After that motion was filed, Plaintiff amended his complaint to add two individual defendants. The individual defendants have not yet been served.

### Background

Plaintiff was hired by IAC Mendon on December 3, 2010. (Compl. ¶ 9.) Prior to hiring Plaintiff, IAC Mendon provided him with an application for employment. The application contained a "Pre-Employment Statement" that provided, in part:

> I further agree not to bring any action or suit relating directly or indirectly to employment with IAC, or termination of such employment, more than 6 months after the date of termination of such employment and I waive any statute of limitation to the contrary.

(Defs.' Br. Supp. Mot. for Sum. Judg., Ex. 1.) Although Plaintiff does not remember signing the application, he admits that it contains his signature. (Pl.'s Br. Opp. Mot. for Sum. Judg. at 1.)

Plaintiff was terminated from his employment on November 29, 2011. (Compl. ¶ 5.) He brought this action on October 22, 2013.

## Legal Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

## Discussion

The IAC Defendants argue that Plaintiff's action is time barred because it was not brought within six months of his termination, as required by the Pre-Employment Statement contained in his application for employment. Similar limitations have been held enforceable by Michigan courts and the Sixth Circuit Court of Appeals, *Clark v. DaimlerChrysler Corp.*, 268 Mich. App. 138, 142, 706 N.W.2d 471, 474 (2005); *Thurman v. DaimlerChrysler*, 397 F.3d 352, 358 (6th Cir. 2004), and Plaintiff does not dispute that the shortened limitations period is enforceable. Rather, Plaintiff argues that the provision precludes only suits against "IAC," and not IAC Mendon or the IAC Group. Accordingly, Plaintiff argues, it does not apply to the instant suit against the IAC Defendants.

2

Plaintiff's argument is unavailing. The provision at issue imposes a time limit on all suits "relating directly or indirectly to employment with IAC." It is not limited to suits brought against "IAC" – an entity which does not, in fact, exist. By signing the provision, Plaintiff agreed to bring suit related to his termination within six months of that termination.

Furthermore, the provision was contained in an application for employment with IAC Mendon. The application contains a logo for IAC, with the words International Automotive Components under it. Under the circumstances, any applicant would know that the terms of the application related to the employment being sought - i.e., with IAC Mendon and/or the IAC Group. Accordingly, the Court finds that the application was intended, and would be understood by any applicant signing the application, as an agreement to set a time limit on suits arising out of a hiree's termination by any "IAC" company that hired him or her as a result of the application. *See Zahn v. Kroger Co. of Mich.*, 482 Mich. 34, 40-41, 764 N.W. 2d 207, 211 (2009) ("All contracts . . . should be construed to ascertain and give effect to the intentions of the parties and should be interpreted to give a reasonable meaning to all of its provisions.").

## Conclusion

In applying for employment with the IAC Defendants, Plaintiff agreed to limit his right to file suit related to that employment. Specifically, Plaintiff agreed that any such suit would be filed within six months of his termination. Because the instant suit was filed outside that period, it is time barred. Accordingly, the IAC Defendants are entitled to summary judgment on the claims against them.

An Order consistent with this Opinion will follow.

Dated: January 15, 2014  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE